[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10014
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 13, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01909-CV-JEO-S

GREAT AMERICAN INSURANCE COMPANY,

Plaintiff-
Counter-Defendant-
Appellee,

versus

BADDLEY AND MAURO, LLC,
THOMAS E. BADDLEY, JR.,
JEFFREY P. MAURO,

Defendants-
Counter-Claimants-
Appellants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 13, 2009)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Thomas Baddley and Jeffrey Mauro appeal the summary judgment in favor of Great American Insurance Company. The district court concluded that Great American Insurance did not have a duty to defend Baddley and Mauro. We affirm.

## I. BACKGROUND

Great American Insurance issued to attorneys Baddley and Mauro a professional liability insurance policy that covered "all Damages and Claim Expenses arising out of a Claim." The policy defined a claim as "any demand received by [Baddley and Mauro] for money or services . . . arising out of [their] acts, errors or omissions in providing Professional Services." Professional services were defined as "services [Baddley & Mauro, L.L.C.] perform[ed] for a client in [its] capacity as a lawyer; . . . or as an administrator, conservator, executor, guardian, trustee, receiver, or in any similar fiduciary capacity, provided that such services are connected with and incidental to [its] profession as a lawyer."

Baddley and Mauro represented Serra Chevrolet in an action against General Motors. Early in the litigation, Baddley and Mauro and Serra executed a contingency fee arrangement in which each party agreed to recover its expenses and then divide the remaining proceeds according to a prearranged ratio. Serra and

2

General Motors reached a settlement agreement in which General Motors agreed to pay Serra 3.5 million dollars in two equal installments in 2007 and 2009.

Baddley and Mauro mailed Serra a letter that accounted for its expenses, but Serra disagreed with the accounting. General Motors mailed the first installment payment to Baddley and Mauro. The check was made payable to Baddley and Mauro, L.L.C., and was deposited into the trust account of the law firm pending resolution of the fee dispute.

The parties failed to resolve their differences and Baddley and Mauro issued checks to the law firm of $1,277,500 and to Serra of $472,500. Baddley and Mauro filed in a state court a complaint for a declaratory judgment that they had paid the amount owed to Serra. The next day, Baddley and Mauro notified Great American Insurance of the action.

Serra sued Baddley and Mauro and alleged that they committed mail and wire fraud when, without notice to or approval by Serra, the attorneys instructed General Motors to send them the first installment payment. Serra also alleged that, when Baddley and Mauro were paid from the trust account, they committed racketeering and embezzlement, breached their civil duties as officers of the federal court, breached their fiduciary duties to Serra, converted property of Serra, intentionally interfered with contractual and business relations between Serra and

3

General Motors, and committed malpractice.

Baddley and Mauro notified Great American Insurance of the complaint by Serra and requested a defense of the action. Baddley and Mauro requested approval to retain a specific attorney to represent them against Serra, which Great American Insurance approved pending its decision regarding coverage. Baddley and Mauro later repeated their request for coverage.

Great American Insurance denied Baddley and Mauro coverage. The company determined that the "essence of the dispute" was "a demand for return of legal fees, costs and expenses of litigation taken from Serra's alleged portion of the first installment settlement check from a former adversary in litigation, i.e., GM." Great American Insurance refused to defend or indemnify Baddley and Mauro.

Great American Insurance filed a complaint for a declaratory judgment that it was not obligated to defend or indemnify Baddley and Mauro for their alleged misconduct against their client, Serra Chevrolet. Both parties moved for summary judgment. The district court granted in part and denied in part summary judgment to both parties. The district court granted summary judgment to Baddley and Mauro on the ground that whether Great American Insurance had a duty to indemnify the attorneys was not ripe for review. The district court granted summary judgment to Great American Insurance on the ground that it had no duty

to defend Baddley and Mauro. The district court concluded that the action brought by Serra "[did] not arise out of the representation the defendants provided Serra Chevrolet as its lawyers as defined by the relevant insurance policy, but ar[o]se out of the dispute over what the ultimate fee arrangement was between them."

## II. STANDARD OF REVIEW

We review a summary judgment de novo and view the evidence in the light most favorable to the party that opposes the motion. Twin City Fire Ins. Co. v. Ohio Cas. Ins. Co., 480 F.3d 1254, 1258 (11th Cir. 2007). Summary judgment should be entered when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## III. DISCUSSION

Baddley and Mauro challenge the judgment in favor of Great American Insurance on two grounds. First, Baddley and Mauro argue that the action filed by Serra is a claim covered under the policy issued by Great American Insurance. Second, Baddley and Mauro argue that the district court erred by considering evidence beyond the allegations in Serra's complaint. These arguments fail.

Great American Insurance did not have a duty to defend Baddley and Mauro. Great American Insurance issued to Baddley and Mauro a policy with coverage for incidents related to their "Professional Services," that is, the actions

5

"perform[ed] for a client in [their] capacity as . . . lawyer[s]" or in a "fiduciary capacity[.]"  Serra alleged that Baddley and Mauro diverted without authority a settlement payment owed to Serra to satisfy its outstanding legal fees.  These alleged actions by Baddley and Mauro were self-serving and were not made on behalf of or to protect the interest of its client, Serra.  The misconduct allegedly committed by Baddley and Mauro was not a claim covered by the policy issued by Great American Insurance.

The district court also did not err by examining the facts underlying the complaint filed by Serra.  Under Alabama law, the court can determine "'[w]hether an insurance company owes its insured a duty to provide a defense in proceedings instituted against the insured . . . by the allegations contained in the complaint.'" Hartford Cas. Ins. Co. v. Merchs. & Farmers Bank, 928 So. 2d 1006, 1009 (Ala. 2005) (quoting Acceptance Ins. Co. v. Brown, 832 So. 2d 1, 14 (Ala. 2001)). When any "uncertainty" exists about whether the occurrence is covered under the policy, "the court is not limited to the bare allegations of the complaint in the action against the insured but may look to facts which may be proved by admissible evidence[.]"  Id. at 1010 (quoting Acceptance Ins. (internal quotation marks omitted)).  The complaint filed by Serra charges Baddley and Mauro with misconduct related to their fee dispute, which is made plain by the opening

6

sentence: "This action results from [a] fraudulent scheme by which [Baddley and Mauro] unilaterally changed the terms of their 'fee agreement' with [Serra] regarding prior litigation in which [Baddley and Mauro] represented [Serra]." The district court did not err when it considered both the allegations of the complaint and the parties' submissions in support of their cross-motions for summary judgment because neither supported coverage for the underlying fee dispute.

## IV. CONCLUSION

The summary judgment in favor of Great American Insurance is

**AFFIRMED**.